UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LUCINDA LOVETT, Co-personal Representative of the Estate of Daniel J. Martin, et al., | )<br>)<br>) |
| Plaintiffs, | ) Cause No. 2:15-cv-63-WTL-MJD |
| vs. | ) |
| LANDON HERBERT, et al., | ) |
| Defendants. | ) |

### ENTRY ON PLAINTIFFS' MOTION TO RECONSIDER

This cause is before the Court on the Plaintiffs' motion to reconsider (Dkt. No. 74). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

The Court has "discretion to reconsider an interlocutory judgment or order at any time prior to final judgment." *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (citations omitted). In that context, "'[a] judge may reexamine his earlier ruling . . . if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it.'" *HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009) (quoting *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995)).

The Plaintiffs argue that the Court erred in granting summary judgment for the Defendants on two claims: (1) the Plaintiffs' *Monell* claim against the Sheriff; and (2) the Plaintiffs' state law wrongful death claim.

With respect to the *Monell* claim, the Plaintiffs attempt to analogize their case to *Glisson v. Indiana Department of Correction*, 849 F.3d 372 (7th Cir. 2017), and argue that "we have a policymaker, a sheriff, who made the deliberate decision not to create a policy to protect inmates who are heavily intoxicated," Dkt. No. 74 at 2.

In *Glisson*, the Seventh Circuit examined the prison medical provider's lack of a coordinated care policy and explained that a "hands-off policy is just as much a 'policy' as the 100% enforcement policy is." *Id.* at 382. There, the plaintiff presented evidence that the policymakers had knowledge of, but chose not to implement, Indiana Department of Corrections Guidelines requiring healthcare providers to have policies and procedures for managing chronic diseases. That evidence allowed a finder of fact to conclude that the policymaker "consciously chose the approach that it took," leaving the question of whether that choice was the moving force behind the constitutional wrong for the jury as well. *Id.* at 380.

In this case, the Plaintiffs argue:

> Here, the Sheriff made the deliberate decision not to follow the Indiana Jail Standards on classification of inmates. Before it was amended in 2015, 210 IAC 3-1-18(c) read, "Intoxicated inmates and those experiencing delirium tremens or drug withdrawal **shall** [emphasis added] also be segregated and given close observation." Despite this clear instruction, the Sheriff decided not to require officers to comply with that standard, but gave priority to making money. The U.S. Immigration and Customs Enforcement (I.C.E.) detainees were given preference in the temporary housing assignments.

Dkt. No. 74 at 2.

As the Defendants point out, the Plaintiffs misquote the jail standard that was in effect at the time of the events that gave rise to this case; in fact, the standard was changed in 2012 to read, "Intoxicated or suicidal inmates and those inmates experiencing delirium tremens or drug withdrawal **may** also be segregated and given close observation." 210 Ind. Admin. Code 3-1-18. Further, as the Defendants point out, even if there were such a standard, the Plaintiffs have not

pointed to any admissible evidence that the sheriff made a decision not to comply with the standard. As such, the Court declines to find that its prior ruling on the *Monell* claim was wrong.

With respect to the Plaintiffs' state law wrongful death claim, the Plaintiffs point out that "a tort claim was filed within 180 days of the deliberately indifferent acts leading to Martin's fall, it informed the County that they intended to pursue claims arising out of those acts, and it contained detailed information about the accident." Dkt. No. 74 at 6. The Plaintiffs correctly note that the Indiana Tort Claims Act does not require a plaintiff to identify specific claims or causes of action in the notice. However, as the Defendants argue, a wrongful death action is not a continuation of a personal injury case; rather, a wrongful death action is a specific cause of action, with its own accrual date and its own plaintiff. Accordingly, a wrongful death claim by Daniel Martin's estate is independent of any claims Martin had, and the Court declines to find that its prior ruling on the state law wrongful death claim was wrong.

The Court **DENIES** the Plaintiffs' motion to reconsider (Dkt. No. 74).

**SO ORDERED: 3/7/18**

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.